**ALAMOANA RECIPE INC., a Corporation;
and ALAMOANA S. MULITAUAOPELE, Petitioners**

**v.**

**AMERICAN SAMOA GOVERNMENT;
UNITED STATES INTERNAL REVENUE SERVICE;
WILLIAM M. MELENDEZ, Internal Revenue Officer,
United States Department of the Treasury;
and UNITED STATES DEPARTMENT OF THE INTERIOR,
Respondents**

High Court of American Samoa
Trial Division

CA No. 92-93

September 16, 1993

Before KRUSE, Chief Justice.

Counsel: Petitioner Alamoana S. Mulitauaopele, Pro Se
Respondent American Samoa Government,
Cheryl A. Quadlander, Assistant Attorney General

Opinion and Order Denying Petition for Temporary Restraining Order:

Alamoana S. Mulitauaopele filed a petition for a temporary restraining order on September 14, 1993. Assuming, without deciding, jurisdiction, this court holds that petitioner's request for a temporary restraining order must be denied.

Under the Federal Insurance Contributions Act (hereinafter FICA), the United States government has imposed on employees and employers what is commonly known as the social security tax. 26 U.S.C. §§ 3101-3128. FICA applies to any employment performed within the United States or employment performed outside the United States by her citizens or residents for an American employer. 26 U.S.C. § 3121(b). Employers and employees within American Samoa must pay these FICA taxes. *See* 26 U.S.C. § 3121(e). This applicability is buttressed by Congress' enacting payment and exemption provisions specifically applicable to American Samoa. *E.g.*, 26 U.S.C. §§ 3121(b)(7)(B), 3125(c), 6205(a)(3), 6413(a)(3). Therefore, FICA applies to American Samoa, and petitioner cannot avoid paying his assessments by asserting the contrary.

Furthermore, American Samoa's tax law does not conflict with federal tax law concerning FICA. Contrary to petitioner's argument, A.S.C.A. § 11.0403 does not purport to supplant federal tax laws, but it merely creates an additional, territorial tax modelled on the federal tax. Likewise, the High Court's interpreting territorial statutes differently than federal courts' interpretations of similar, but not identical, federal statutes certainly does not imply that territorial law supersedes federal law. In any event, territorial laws which are inconsistent with applicable U.S. laws violate the territorial constitution, which in turn was promulgated under the authority of the U.S. Secretary of the Interior. Rev. Const. Am. Samoa Art. II, § 1(a), Art. V, § 11.

Finally, suits to restrain assessment or collection of *any* tax in *any* court are prohibited by what is known as the Anti-Injunction Act. 26 U.S.C. § 7421(a) (1993). As such, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs*

157

*v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5 (1962). This policy would be thwarted if the High Court were to issue an injunction; thus, this court declines to do so.

Therefore, the petition for a temporary restraining order to enjoin the collection of FICA taxes is denied.

It is so ordered.